# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY MARTIN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BRYAN BIRKHOLZ, Warden,<br><br>　　　　　Respondent. | Case No. 2:23-cv-09812-AB (SHK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

  The Report recommends dismissal of the Petition, which was filed under 28 U.S.C. § 2241, without prejudice because it does not qualify for the "savings clause" of 28 U.S.C. § 2255(e). (Dkt. No. 10.) Petitioner filed Objections to the Report. (Dkt. No. 12.) For the following reasons, Petitioner's Objections do not warrant a change in the Magistrate Judge's findings or recommendation.

  Petitioner objects that he may proceed under the savings clause because he has not had an unobstructed procedural shot at presenting his claims of actual

innocence under *United States v. Taylor*, 596 U.S. 845 (2022), and related Supreme Court decisions. (Dkt. No. 12 at 2.) It is undisputed that Petitioner's claims of actual innocence are based on changes in statutory interpretation rather than on new rules of constitutional law. (Dkt. No. 1 at 10-11, Dkt. No. 10 at 9.) Therefore, the claims are foreclosed by *Jones v. Hendrix*, 599 U.S. 465, 471 (2023), in which the Supreme Court held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *See also Birtha v. Gilley*, 2023 WL 6052516, at *2 (6th Cir. 2023) (*Taylor* claims, which are based on changes in statutory interpretation, cannot be brought under the savings clause in light of *Jones*).

Finally, Petitioner filed a "Motion to Alter or Amendment Judgment." (Dkt. No. 14.) In the Motion, Petitioner objects that the Clerk's Office notified him that his Objections to the Report were untimely filed. (*Id*. at 1; *see also* Dkt. No. 13.) Because the Court considered and addressed the merits of Petitioner's Objections, the Motion is denied as moot.

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Petitioner's Motion is denied as moot (Dkt. No. 14); and (3) Judgment shall be entered denying the Petition and dismissing this case without prejudice for lack of jurisdiction.

DATED: August 15, 2024

_____
ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE